which is 18-5124 United States v. Hamilton. May I proceed your honor? My name is Gary Udish and I represent Mr. Hamilton the appellant in this case and what I really want to talk about in the time I have today is the district court giving an upward departure. I know there's a dispute over whether it's departure or variance. I'm gonna call it a departure. It is the main issue but I'm gonna call it a departure. But essentially what the issue is is the district court whatever it was went above the guideline range without giving any notice to the appellant or the government and that is the real issue before the court. Essentially what you had here was a guideline fraud case with a guideline range of 37 to 46 months, level 21. The district court conducted a sentencing hearing, went all the way through the sentencing hearing and preliminarily to the sentencing hearing the pre-sentence report itself in the section about whether there's any basis for an upward departure or variance stated that the probation officer identified no basis for that. The government in their pre-sentencing submissions requested a sentence at the upper end of the guideline range. The defendant himself through his attorney filed documents and made arguments asking for a downward variance from the guidelines. The district court went through the sentencing hearing, heard from some victims of the offense, heard from the lawyers, heard from Mr. Hamilton and nobody had any doubt that the district court was considering any sort of upward movement from the guidelines. It was and when you look at the the paperwork the council yes you know we've I was presumed that my colleagues but we read your briefs and things like this and what I'm interested in first do you agree that this is here on plain error? There is no specific objection so you do this so I would I don't think I can contest that you know. Okay so we're here on a plain error review now I can't find on the basis of what you're saying happen at the district court I read words a little bit differently than the departure and the variance that you're talking about now what specifically what law can you point me to that says the trial court could not do what was done in this case? Well your Honor. It makes it reversible error. If if it's a departure then rule 32H. Let's just assume that you humor me and I'm saying it is not a departure where are you? If if it's if it's not a departure then what I would rely upon is the language in the Irizarry case that says that it would it would be inappropriate not to give notice although rule 32H doesn't specifically apply on our first ground of error it is dependent our success on that ground of error is dependent upon the court concluding that this is a departure so I it's not a departure then under Irizarry and rule 32H probably does not require the court to give notice if it is not a departure. If it is a departure is there a case that vindicates a plain error? I haven't. A reversal? Your Honor I haven't seen a case doing a plain error analysis on this particular issue. Now I will say this particular issue the idea of a district court doing an upward departure without any notice is an unusual issue and there are not a lot of cases on it because I I think it's an unusual case where a district judge would do that because the entire basis of the system is that the defendant and the government has an opportunity to fully respond to any considerations that the court is taking into effect and so there aren't that many cases on on the idea of when is it okay for the district court to go up from the guidelines without any notice so the fact that we haven't found a particular case applying a plain error analysis on this I think is is not particularly unusual since it's not a particularly usual type of situation. Now if I could what I really would like to address though is why it is an upward departure rather than an upward variance. Yeah because there you know there's language in the record that were there's words that suggest it might be a variance as well so you'll get get me over the ambiguities in the record that would lead us to conclude it was a departure. So there there may be ambiguities in the record because the nature of drawing a distinction between a departure and a variance is going to be full of ambiguities because they overlap to such a great extent and the our position is is that under the Arizeri case what the Supreme Court said is departure is a term of art under the guidelines and refers only to non-guideline sentences imposed under the framework set out in the guidelines. So the key phrase there is the framework set out in the guidelines. So in determining whether or not this is a departure or and a variance the question is did the district court assess its ultimate sentence using the framework set out in the guidelines and there's a couple of indications now I understand. But wouldn't the court be look looking at the guidelines under the 3553a balancing as well? The court right the court is going to always your honor be looking at the guidelines. So why does that phrase lead lead us to departure land? Because that's what the Supreme Court said in Arizeri. Since the Supreme Court it is a difficult concept I will be the first to concede that it is a difficult concept for a court to decide whether something is a departure or a variance because there's so much overlap and I think in Arizeri the Supreme Court because they were drawing a distinction as to when rule 32 H applied attempted to give the court some guidance in determining when something is a departure as opposed to a variance. But in this case the trial court starts out after certain announcements saying and applying the 3553a factors we have those are you saying that well that lends itself to the ambiguity that judge Timkovich is maybe talking about? The 35 this is the problem with this the 3553 factors are applied regardless of whether it's a variance or it's a departure. So that really doesn't answer the question. What answers the question here is what what the trial court actually did. The trial court actually said that he was recalculating the guidelines added three levels to the guidelines raising it from the offense level of 21 to an offense level of 24 and then he stated a new guideline range of 51 to 60 months and then made a determination that a sentence within the guideline range was closer because in looking at the as the area case that you're talking about quoting it says a departure occurs when a court reaches a sentence above or below the recommended guideline range through application of chapters four and five of the sentencing guidelines and it cites our intensio case and then it says a variance occurs a variance occurs when a court enhances or detracts from the recommended range through application of 3553 a factors. Now that's what the court I saw here ultimately said that in applying all the 3553 a factors does that not lend itself maybe more to a variance a departure and if not I want to hear that. If the court had just talked about the 3553 factors and did not recalculate the guideline range state a new range and then make a determination that a sentence within the recalculated range was sufficient then I would agree with your statement but the court the court did specifically apply the guidelines specifically applied the guidelines in coming to the ultimate decision if this was a pure variance for purposes that of the issue we're dealing with if it was a pure variance then what the court would have been expected to do is to do everything that they did concerning 3553 but simply stated the Senate simply stated the court sentences you to 60 months not recalculate the guideline range. Then tell me exactly then what your remedy is that you're seeking from us today. We're seeking a remand for a recent just resentence yes and the court's going to say I'm sentencing you under variance 3553 only and where are we? Well your honor part of the government's argument is is that we can't really show plain error because the court was going to do this anyway. The district judge made some comments that indicated a you know however you want to characterize it an inclination to give the appellant a as harsh a sentence as he could but I don't think it's fair to the district court for this court to say that the court would have given the same sentence regardless of whether whatever arguments the appellant made at sentencing against the concept of an upward departure. Well I've been taking a lot of your time but that's what bothers me. How do you show me that this error is really a plain error that the trial court did when when one side says well it could be a departure well it could be a variance but the trial court you know like I say went all over the place maybe. How is this a plain error? Your honor I disagree slightly with the characterization. Well good. Okay because I I don't think it's a fair characterization to say that the trial court could have been doing either or because the trial court specifically used the guideline framework in assessing the sentence which is exactly what the Supreme Court said in Erasery make something into a departure rather than a variance. So for that reason it's plain because in our view he plainly did an upward departure. Your honor I would like to say. I'm sorry. On remand the district court would have the authority to impose the same sentence. The district court would have the authority legally to impose the same sentence. Now we might have arguments about whether they followed the proper procedures and did it correctly but as long as they gave notice and I would say notice has been given and so I would agree that there is a way for the court to do that. Okay if I could save the rest of my time for rebuttal. You may. Thank you counsel. Thank you counsel. Let's hear from the assistant United States attorney. Please get closer to that microphone. Yes I'm an assistant United States attorney from the Northern District of Oklahoma and I'm here for the United States. Your honors may it please the court there are three aspects of the record in this case which demonstrate that what the district court did in sentencing Mr. Hamilton was a variance not a departure. Those three aspects are first what the court said in writing, second what the court said verbally, and third the method by which the court imposed the sentence. And if I I'd like to speak briefly about each of those three aspects. The first aspect being what the court said in writing because the court both in the minutes of the hearing and in the written statement of reasons which Judge Dowdell signed stated that the sentence imposed was done as a variance. And the forms themselves gave the court an option of notating a departure. But what the court filled out in the paperwork was variance. And these documents are in the record for the court to consider. The statement of reasons is in the appellant's sealed appendix and states that the reasons for the variance were extreme conduct, the the form at page 105 and 106 of the appellee's sealed supplemental appendix. The court elaborated upon the reasons and that elaboration basically recounted what the court had said verbally during the sentence. Counsel can I just stop you there. I take it you're saying that the court actually used the word variance on multiple occasions. Absolutely. And I am anticipating your colleague's argument which is that's fine in writing, that that's form, but the substance actually was a departure. And I'm wondering if I can get you to directly address that departure. Yes, Your Honor. And for that we look to what the court said verbally and that's the second part of the three aspects of the record that I touched upon. And in the course of sentencing, stating the sentence, the district court said it would vary upward and there would be a resulting variance guideline range. And then the method by which the court sentenced Mr. Hamilton tracked the same thing if it were departure? I don't believe so, Your Honor. And the reason I don't believe so is that a departure is a concept embodied within guidelines. They are provisions of the guidelines. And it used to be years ago before Booker certainly, that the only means of getting outside of the guideline range was to have a departure. The provisions that the parties would find within the guidelines that might lift a defendant out of the supplied guideline range. But since Booker, the court has much more discretion and considers all of the happened in this case. Well, can I again stop you here? I mean, I think your colleague's argument is here the range was recalculated and that is a departure. Can I get you to respond to that? Yes, Your Honor. Your Honor, I believe that the reference to a new guideline range was simply a recognition that the guidelines are always a consideration for the district court to keep in mind. The guidelines always provide the backdrop for what's happening in the course of a sentencing. And I think the Supreme Court cases through the years have recognized that fact that the guidelines are the starting point and that the guidelines to some extent are always the metric. And if you get to the issue of substantive reasonableness of a sentence, if it's pursuant to their variance, then there is a means of comparing what a district court ultimately did. Like in this case, by going upward three levels to a new to the original guideline range. And so I don't think it's unusual for a district court to recalculate a range to have some sense of what how far am I moving from the original position. I don't think that means that the new sentence is a departure. Does that help? Thank you. Let me just ask you then a follow-up. I mean, how do we determine the difference between a variance and a departure in your under your understanding? I understand you want us to focus on the words and I just want to put those aside a bit. I mean, functionally, how do we draw that line? Your Honor, I think there are two aspects that the especially in this sentencing record and this transcript. The first is, what did the district court not say? And the district court never spoke about a departure, never referred to a departure provision. Certainly there's no specific departure provision that's raised in the argument here. And contrasting, the court said, I have considered the 3553A factors, which are the basis for a variance, in which I think the decisions of this court say that's the aspects of this man's crime, the way he committed the crime, the impact of the crime, the usage of the funds from the crime, his multiple lies, the length of time that the offense occurred, the possibility of restitution, the deterrent effect of a sentence upon generally and upon this defendant, the need for the protection of the public. These are all aspects of 3553A that the district court did touch upon and in some instances elaborated upon. And that, Your variance, the consideration of those 3553A factors, and especially when contrasted with no reference, no discussion of any departure provision under Chapter 4 or 5 of the sentencing guidelines. Your Honors, apart from those aspects of the record in terms of the variance and the departure distinction, the appellant has also touched upon the procedural reasonability, reasonableness of the sentence, and also the substantive reasonableness of the sentence. Simon, however, also turns upon this issue of whether the sentence as imposed was given pursuant to notice. And as the Irizarry case itself says, the sentencing procedure is much more fluid since Booker, and that the aspects of what a plaintiff or a prosecutor need to anticipate in the course of a sentencing hearing are for the most part well understood. And I think that is reflected in this sentencing transcript. The parties understood the issues. The parties discussed the issues. The parties briefed the issues at length. Mr. Hamilton presented a very extensive motion for variance, submitted many letters to the court. Mr. Hamilton himself eloquently allocated to the court at sentencing. And so in the consideration of plain error, Your Honors, there's nothing that's been indicated that would have been done differently or could have been done differently. Was there an appeal waiver? I'm sorry? Was there an appeal waiver here? There was an appellate waiver provision in the plea agreement, Your Honor, but we did not think that was better addressed. So we thought that arguably the appellant could say, well, the issue of what the sentence should be was raised. And that was the exception that was permitted under the plea agreement. Your Honors, if there are any other questions that I can answer on behalf of the United States, I'm happy to do so. Thank you, Counsel. We appreciate your time. Thank you very much, Your Honors. A couple minutes of rebuttal. Thank you, Your Honor. Just a couple of things. If it is not sentencing within the framework of the guidelines to say, I find that the range should be three months, I find that the sentencing range is sufficient, and I sentence you within that range. If that is not a sentence within the framework of the guidelines, I don't know what is. Because when the Supreme Court referred to that in the Israeri case, I think that's exactly what they were referring to. If at departure you'd gotten notice, what would you have done differently in sentencing? Well, the argument that the defense lawyer made was for a downward departure or a downward variance. That's a completely different argument than arguing to the court that the guidelines are sufficient, that there's nothing about the guidelines or about this case or this defendant that would justify going above the guidelines. It's a different argument. So the argument, I think the argument would be that the guidelines is a ceiling, certainly, because you're asking for a downward departure or variance. Well, I think that's one way to phrase it. But essentially the argument, if I was a defense lawyer and the court had given me notice that he's contemplating an upward departure, the argument I would have made would be an argument that there is no reason to depart from the guidelines because the guidelines address every aspect of this case, similar to the argument we made in our grounds two and three concerning the procedural and substantive reasonableness of the sentence. The court said, Mr. Hamilton, the government limited me to five years. I would have gone more. Well, so the court, the district court, was obviously trying to send a message to this young man. And I don't know that this court should consider that necessarily be the final word on what the court would have done. It sends a message. It's designed to get his attention. So I would leave it at that. Thank you. Thank you, counsel. We appreciate the arguments well presented. The case shall be submitted. Counsel are excused.